**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**M.P. and J.P.,**
**Petitioners**

**vs.) No. 21-0353** (Greenbrier County 21-D-AP-2)

**B.A. and B.W.,**
**Respondents**

## MEMORANDUM DECISION

Petitioners M.P. and J.P.,[1] paternal grandparents of M.A., by counsel Paul S. Detch, appeal the Circuit Court of Greenbrier County's April 5, 2021, order denying their appeal and affirming an earlier order of the family court denying them custody of the child, among other rulings. Respondent Mother B.A., by counsel Christine B. Stump, filed a response in support of the circuit court's order. The guardian ad litem for M.A., Amber R. Hinkle, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case concerns custody of M.A., who was born in 2016. After her birth, the parents entered into a *revocable* agreement for *temporary* custody of the child with the maternal grandparents and petitioners, the paternal grandparents. Thereafter, the maternal grandparents exercised custody a majority of the time, until their son became terminally ill approximately eighteen months prior to the initiation of the proceedings below. Around that time, petitioners primarily cared for the child. When the maternal grandparents attempted to regain their share of custody after their son died, petitioners refused to allow them access to the child. The mother later

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

attempted to revoke the agreement, but petitioners refused and even blocked most of her attempts to exercise parenting time. The mother eventually retrieved the child from petitioners.

On February 12, 2020, the mother petitioned the family court for custody of the child and asserted that she attempted to revoke the agreement with petitioners, but they refused.[2] The family court appointed a guardian ad litem who filed a report in September of 2020 recommending that the mother be given sole custody of the child. According to the family court, this recommendation was based on an investigation that "included an interview with [the mother] and an interview with [petitioners]." Thereafter, petitioners filed an answer to the mother's petition, a motion to intervene, a motion to enforce the custody agreement, and, in the alternative, a motion for visitation. Petitioners argued that they were the child's psychological parents and that the custody agreement was a valid, enforceable contract that could only be terminated by agreement of both parents after a determination of the child's best interests. The mother later answered these pleadings and asserted that petitioners "coached the child that her name was not the name given to her by her mother but included [petitioners' last] name" and also that they "told the child that her home with her mother was not her 'real home' and their home was her 'real home.'"

At the final family court hearing, the guardian testified that the mother was a fit parent. Thereafter, the family court entered an order granting the mother full custody of the child. In the order, the family court found that petitioners did not meet the criteria to be considered psychological parents as their custody of the child was subject to the mother's visitation, which they unilaterally denied her. The court found that the guardian's recommendations served the child's best interests, especially considering petitioners' interference with the parent-child relationship as demonstrated by their coaching of the child to go by a name other than her legal name and telling the child that her "real" home was with them. The court also rejected petitioners' argument that both parents must agree to revoke the custody agreement, finding that "[t]he father . . . is a drug addict still, he has no interest in the child and has not participated in any of this litigation. To require the second signature prior to revocation of the contract would not be in the spirit of the agreement in any way."

Petitioners then appealed the order to the circuit court, arguing that they should be permitted to enforce the custody agreement, exercise rights as psychological parents, and have visitation with the child. The circuit court, however, affirmed the family court's order and denied petitioners relief. Petitioners now appeal the circuit court's order.

In an appeal from a circuit court's review, or refusal to review, a family court's final order, we review findings of fact for clear error, application of law to the facts for an abuse of discretion, and questions of law de novo. Syl. Pt. 1, *Jared M. v. Molly A.*, -- W. Va. --, 874 S.E.2d 358 (2022). At the outset, we must determine the appropriate issues for our review. Before this Court, petitioners set forth three detailed assignments of error, yet appear to abandon most of those claims given that the "Argument" section of their appellate brief contains only one heading, "RIGHTS

---

[2]The child's father, B.W., originally appeared in the family court proceedings, but later chose not to participate. He made no appearance before this Court.

OF A PSYCHOLOGICAL PARENT." As such, we will not address any issue that is not specifically addressed in petitioners' argument section.

As for their argument that the family court erred in denying their motion to intervene, petitioners provide no authority concerning such motions or otherwise cite to any authority demonstrating why it was error to deny their motion. Accordingly, we decline to address this argument. *See* W. Va. R. App. P. 10(c)(7) (requiring a petitioner's brief to "contain an argument exhibiting clearly the points of fact *and law* presented, the standard of review applicable, and *citing the authorities relied on*" (emphasis added)); *see also* December 10, 2012, Administrative Order, Re: Filings That Do Not Comply With the Rules of Appellate Procedure (stating that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" and "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented" are not in compliance with this Court's rules).

Petitioners also argue that the family court was bound to enforce the terms of the custody agreement. However, this argument is also improperly briefed, as petitioners fail to set forth the necessary authority to demonstrate their entitlement to relief. Although petitioners "acknowledge that this is not a type of contract that can be enforced under the same rules as a civil contract," they provide no authority explaining how such contracts may be enforced. Instead, they cite to a legal theory originating from a case that has been expressly overruled. *See State ex rel. Harmon v. Utterback*, 144 W. Va. 419, 108 S.E.2d 521 (1959) ("A parent may, by fair agreement or otherwise, transfer or relinquish the custody of his or her infant child to another person and by such action make the custody of the child by such other person valid and legal."), *overruled by Overfield v. Collins*, 199 W. Va. 27, 483 S.E.2d 27 (1996). Petitioners simply indicate that they rely on this and similar cases, yet fail to quote directly from these cases or otherwise apply those cases to the instant matter. As noted above, this is insufficient to entitle petitioners to relief.

Turning now to those issues that will be addressed on the merits, petitioners first argue that the family court erred in denying them status as psychological parents. However, we conclude that the family court did not err in rejecting this contention. In order to be deemed psychological parents, petitioners had to prove, in addition to other requirements, that their relationship with the child was "of substantial, *not temporary*, duration and *must have begun with the consent and encouragement of the child's legal parent or guardian.*" Syl. Pt. 3, in part, *In re Clifford K.*, 217 W. Va. 625, 619 S.E.2d 138 (2005) (emphasis added). The evidence overwhelmingly shows that the explicit terms of the custodial agreement between petitioners, the maternal grandparents, and the parents contemplated a temporary arrangement. Further, although the parents consented to and encouraged petitioners having partial temporary custody of the child, petitioners abused that consent by unilaterally refusing to continue to share custody with the maternal grandparents and even denying the mother parenting time. This conduct was far beyond what was contemplated under the agreement, thereby demonstrating that the custody petitioners enjoyed was not granted with both parents' consent and encouragement. Accordingly, we find no error in the family court denying petitioners status as psychological parents.

Finally, petitioners argue that the mother "has made no attempt to show that . . . the child being returned to her would be in the child's best interests." This is patently false, as the record demonstrates that the guardian conducted a full investigation into the situation, including

3

interviews with petitioners, and determined that the mother was a fit parent and that returning to the mother's custody was in the child's best interests. While petitioners assert on appeal that they disagree with these conclusions and "are prepared" to provide evidence in support of their position, we find that this is insufficient to entitle them to relief. Indeed, the court was presented with ample evidence on these issues below and weighed the evidence accordingly. We decline to disturb these determinations on appeal. *State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). As such, we find that petitioners are not entitled to relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: September 20, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn